121 So.2d 84

**ESSO STANDARD OIL COMPANY**

**v.**

**George Gardiner GREEN et al.**

**No. 44204.**

May 31, 1960.

Smitherman, Smitherman, Purcell & Lunn, Shreveport, Dubuisson & Dubuisson, Opelousas, for defendant-appellant.

Domengeaux, Roy & Wright, Lafayette, Joseph LaHaye, Sandoz & Sandoz, Opelousas, for claimants and appellees.

HAMITER, Justice.

This concursus proceeding was instituted by the Esso Standard Oil Company, pursuant to the provisions of LRS 13:4811 et seq., to determine the ownership of certain funds representing the price of oil purchased by it and produced from the S. D. Cochran wells Nos. 1 and 2 which were drilled on lands located in St. Landry Parish and described in the petition.

The facts giving rise to the conflicting claims involved here, which relate to disputed overriding royalty interests totaling two-sixty-fourths of the produced oil, are as hereinafter set forth. On May 24, 1948 S. D. Cochran, as owner, granted an oil, gas and mineral lease on the above mentioned lands to George Gardiner Green, one of the claimants in this cause, the lease providing for a one-eighth royalty to be paid to Cochran. On August 2, 1948, Green executed a sublease to one R. T. Adams. The latter instrument declared that the sublessee would pay to the sublessor Green "an overriding royalty equal to one-half of the royalty to be paid to Lessor * * * as provided in * * * said original lease". Green, in other words, reserved a one-sixteenth or a four-sixty-fourth of the oil and gas to be produced.

One year later the Adams sublease, under its express provisions, expired due to the failure of Adams and his assignees to perform certain obligations provided for therein. And, thereupon, those parties executed an instrument relinquishing and surrendering unto Green all of their rights in and to such sublease. Subsequently, Green (the lessee of the Cochran lands) granted a sublease to Pan-Am Southern Corporation, he reserving in the instrument a one-eighth overriding royalty; and pursuant to it and the original lease there was obtained oil production, the purchase price of some of which is involved in this concursus proceeding. Meanwhile, and during the existence of the Adams sublease, Green (by means of six different instruments) assigned overriding royalty interests totaling and constituting the herein disputed two-sixty-fourths of all the oil and gas produced from the property.

Green contends in this cause that the latter six assignments related only to royalties under the Adams sublease which, as appendages thereto, terminated on such sub-

lease's expiration. On the other hand Green's assignees urge that by the assignments they acquired royalty interests in and under the original Cochran lease pursuant to which the oil purchased by plaintiff was produced; and that, consequently, they (as owners of such royalties) are entitled to their attributable shares.

The trial court ruled adversely to Green and cast him for costs of the proceedings. He is prosecuting the instant appeal.

In our opinion the conclusion reached by the district judge respecting the disputed royalty interests was correct.

While it is true, as appellant points out, that the assignments in question were "subject to all the terms, conditions, limitations and benefits" of the Adams sublease, the remaining language of the executed instruments (for all intents and purposes all contained similar provisions) clearly discloses that the granted overriding royalties pertained to the original Cochran lease and constituted appendages to it, not to the Adams sublease. Thus, each instrument recited: "Geo. Gardiner Green is the owner of the overriding royalty interest reserved in that assignment from Geo. Gardiner Green to R. T. Adams * * * and being an overriding royalty interest of ⅛th of all the oil and gas if, as and when produced and saved from the hereinafter described land *under the following described oil, gas and mineral lease,* to-wit:" Then followed a description of the original Cochran lease,

together with a recitation that there was being granted an overriding royalty interest (of a specified fraction) "of all the oil and gas, if, as and when produced and saved from *the herein described oil, gas and mineral lease.*" (Italics ours.)

Accordingly, since the assignments involved here were of royalty interests in and under the original Cochran lease, which admittedly is still in force and effect, the extinguishment of the Adams sublease in no manner affected such interests.

■ Next, appellant complains of that part of the district court's judgment which ordered him to "pay all costs of these proceedings", he contending that they should be paid out of the funds deposited. There is merit in the complaint.

In Standard Oil Company of Louisiana v. Futral et al., 204 La. 215, 15 So.2d 65, we showed that Act 123 of 1922, which originally authorized concursus proceedings, contained no provision for payment of costs; and we concluded that, therefore, we should exercise the general power vested in us by Act 229 of 1910 and order payment of costs on an equitable basis. However, shortly after that decision was rendered the 1922 statute was amended so as to make all costs in a concursus proceeding payable out of the deposited funds, reserving to the successful litigant the right to recover such costs from the other litigant or litigants who contested his claim. LRS 13:4816. Consequently, the judgment will have to be

amended by ordering that the costs herein be paid in accordance with the mentioned amendment. See Barnsdall Oil Company et al. v. Applegate et al., 218 La. 572, 50 So. 2d 197, Standard Oil Company of New Jersey v. Evans et al., 218 La. 590, 50 So.2d 203 and Sohio Petroleum Company v. V. S. & P. Railroad et al., 222 La. 383, 62 So. 2d 615.

For the reasons assigned the judgment appealed from is amended by ordering that all costs of this proceeding be paid from the funds on deposit in the registry of the district court pursuant to the provisions of LRS 13:4816; and, as thus amended, the judgment is affirmed.

GARDINER, J., recused.